IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES SCOTT FRELS | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-230 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, James Scott Frels, a prisoner currently confined at the Alfred Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, represented by counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

Petitioner is currently incarcerated at the Alfred Hughes Unit under a Judgment imposed by the 258th Judicial District Court of Trinity County, Texas, in Cause Number 9953. Judgment (doc. #9-9, pg. 78). Petitioner was charged with three counts of Aggravated Sexual Assault (Counts I, III & IV) and one count of Indecency With a Child (Count II). Agreed Motion to Amend Indictment and Order (doc. #9-9, pgs. 28-31). Petitioner pleaded guilty to Count II and not guilty to Counts I, II and IV. Verdict (doc. #9-9, pgs. 52-57). On March 6, 2013, a jury found Petitioner guilty on

---

[1] Petitioner is represented by Robert Lawrence Sirianni, Jr., in this federal petition for writ of habeas corpus.

Counts I and IV and not guilty on Count III. *Id*. The jury sentenced Petitioner to a seventy-five (75) year term of imprisonment as to Count I, a twenty (20) year term of imprisonment and a $10,000.00 fine as to Count II, and a seventy-five (75) year term of imprisonment as to Count IV, to be served concurrently. *Id*.

Petitioner, through trial counsel Albert J. Charanza, Jr., filed a Motion for New Trial on March 26, 2013, arguing that newly discovered evidence (a third forensic interview) contained evidence that might have changed trial strategy, might have mitigated the offense, and might have shown that the victim committed perjury (doc. #9-9, pgs. 65-69). The trial court excluded an affidavit executed by defense counsel, but permitted it to be included in the appellate record. *Id*. The trial court denied trial counsel's request to have the prosecutor provide a copy of the third forensic interview to be included in the appellate record. The Motion for New Trial was denied on May 16, 2013 (doc. #9-9, pg. 70; doc. #9-10, pg. 127).

Petitioner, through the same counsel, filed an appeal on May 29, 2013. Notice of Appeal (doc. #9-9, pg. 71).[2] The Twelfth Court of Appeals of Texas affirmed the conviction on April 22, 2015. *See Frels v. State*, 12-13-00241-CR, 2015 WL 1825366 (Tex. App. – Tyler Apr. 22, 2015, pet. ref'd). Petitioner, through the same counsel, filed a Petition for Discretionary Review on June 25, 2015, which was refused on October 28, 2015. *Frels v. State*, PD-0601-15 (Tex. Crim. App.

---

[2] Petitioner raised six issues on appeal: (1) the trial court erred in denying the motion for new trial; (2) the prosecutor engaged in improper closing argument; (3) the trial court erred in admitting portions of the SANE report; (4) the evidence was insufficient to establish penetration; (5) the trial court erred in failing to grant a requested jury instruction informing the jury of the standard terms of probation; and (6) the punishment assessed was cruel and unusual (doc. #9-10, pg. 127).

2015).[3]

Petitioner, through counsel Thomas Ryan Deaton, filed his first state application for writ of habeas corpus on December 13, 2016 (doc. #9-9, pgs. 87-104).[4] The Texas Court of Criminal Appeals ("TCCA") dismissed the application as noncompliant pursuant to Texas Rule of Appellate Procedure 73.1 on April 11, 2018. *Ex parte Frels*, WR-88-279-01 (doc. #9-8, pg. 1). Petitioner, through the same counsel, then filed a second state application for writ of habeas corpus April 13, 2018 (doc. #9-13, pgs. 29-46).[5] The TCCA denied this application without written order on April 19, 2019. *Ex parte Frels*, WR-88-279-02 (doc. #9-12, pg. 1).[6] Petitioner, through counsel Robert L. Sirianni, Jr., filed a third state application for writ of habeas corpus on March 3, 2020 (doc. #9-17, pgs. 3-59),[7] which was dismissed by the TCCA on June 3, 2020, as a subsequent application under Texas Code of Criminal Procedure 11.07(4)(a)-(c). *Ex parte Frels*, WR-88-279-03 (doc. #9-16, pg. 1). This federal petition for writ of habeas corpus followed on November 23, 2020 (doc. #1).

---

[3] Petitioner argued (1) the court should reconsider precedent providing that terms of probation need not be provided to trial juries; (2) the appellate court erred in finding sufficient evidence of penetration; and (3) the appellate court erred in finding that the SANE report was properly admitted (doc. #9-10, pg. 128).

[4] Petitioner argued trial counsel was ineffective in (1) failing to request a lesser included offense instruction of attempted aggravated sexual assault and (2) failing to subpoena witnesses or evidence at the hearing on the motion for new trial (doc. #9-10, pg. 128).

[5] Petitioner argued the same points of error as in the original petition (doc. #9-13, pg. 55).

[6] This appears to be a merit-based determination.

[7] Petitioner argued (1) post-conviction counsel was ineffective as he did not communicate nor consult with Petitioner and (2) trial counsel was ineffective in the plea-bargaining process because counsel rejected the offer without consulting with Petitioner. *Id*.

The Petition

Petitioner concedes this federal petition for writ of habeas corpus is not timely but argues he is entitled to equitable tolling due to misrepresentations by his trial counsel (doc. #1). Petitioner argues the following points of error:

1. Post-conviction counsel provided ineffective assistance by failing to communicate with Frels about his application for state writ of habeas corpus;

2. Trial counsel provided ineffective assistance by rejecting a plea offer without consulting Frels; and

3. Trial counsel provided ineffective assistance by failing to impeach a state's witness during trial.

Original Petition (doc. #1).

The Response

Respondent was ordered to show cause and filed a Response, along with the state court records, on June 24, 2021 (doc. #s 8-9). Respondent argues the petition is time-barred and that Petitioner is not entitled to equitable tolling. *Id*.

Analysis

*Statute of Limitations*

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. 104-132, 110 Stat. 1218, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one

4

year period is calculated from the latest of either (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d) (1)(A)-(D).

Ordinarily, the one-year limitation period starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the state court conviction became final on January 26, 2016, the last date Petitioner could file a petition for writ of certiorari with the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (explaining that expiration of time for seeking direct review includes the 90 days allowed for a petition to the Supreme Court). Because Petitioner filed his federal petition more than one year after his conviction became final, a literal application of Section 2244(d)(1) renders his November 23, 2020, filing untimely.

*Statutory Tolling*

The Act expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, a state petition for habeas relief is "pending" for the Act's tolling

5

purposes on the day it is filed through (and including) the day it is resolved. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009).

Petitioner's first state application for writ of habeas corpus was dismissed by the TCCA as non-compliant pursuant to Texas Rule of Appellate Procedure 73.1. A state application for writ of habeas corpus that is dismissed on procedural grounds is not "properly filed" pursuant to 28 U.S.C. § 2244(d)(1)(D), and thus, does not toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Wickware v. Thaler*, 404 F. App'x 856, 858-59 (5th Cir. 2010) (holding that a state writ dismissed pursuant to Texas Rule of Appellate Procedure 73.1 was not "properly filed" within the meaning of § 2244(d)(1)(A)); *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009) (same).

Petitioner's second and third state applications, filed April 13, 2018, and March 3, 2020, respectively, fare no better as they were filed well after the January 26, 2017, federal filing deadline. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because it was not filed until *after* the period of limitation had expired."). Petitioner's federal petition for writ of habeas corpus filed November 23, 2020, was filed over three years past the statute of limitations and is time-barred. The only question that remains is whether Petitioner is entitled to equitable tolling.

*Equitable Tolling*

Petitioner's arguments regarding equitable tolling appear to be two-fold. First, Petitioner argues that his trial counsel told him he would file a state application for writ of habeas corpus and then failed to do so. Second, he argues that Mr. Deaton, who filed his first and second state applications for writ of habeas corpus, failed to consult with Petitioner about the claims he wanted to raise, failed to communicate with Petitioner about his case or answer any questions and concerns

6

Petitioner had with his case, and failed to communicate with Petitioner's father despite numerous attempts to reach out to him regarding Petitioner's state application for writ of habeas corpus. Memorandum (doc. #1). Under *Martinez v. Ryan*, petitioner argues due to the ineffective assistance of state habeas counsel, he was unable to raise all of his claims of ineffective assistance of trial counsel in his second state application for writ of habeas corpus that was considered on the merits, and, thus, has established cause for the procedural default of those claims. 566 U.S. 1, 9 (2012). Petitioner, however, appears to conflate procedural default and the statute of limitations and, in doing so, fails to demonstrate the entitlement of equitable tolling to overcome the statute of limitations bar in play.

Specifically, "*Martinez* does not apply to section 2244(d)'s one-year limitations period." *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order denying certificate of appealability) (citing *Lombardo v. United States*, 860 F.3d 547, 557-58 (7th Cir. 2017)). As such, *Martinez* plays no part in determining whether the limitations period should be equitably tolled. *See, e.g., Dickerson v. Davis*, 2018 WL 2431846, at *3 (N.D. Tex. May 30, 2018) ("Nor can petitioner rely on the *Martinez* line of cases to excuse his untimeliness. This line of cases addresses equitable exceptions to a procedural default. The bar to review at issue in this case arises from petitioner's failure to meet the federal limitations deadline under the AEDPA. Thus, the *Martinez* line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling." (citation omitted)).

As a result, Petitioner has not shown extraordinary circumstances that prevented him from filing his § 2254 petition earlier. *See Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998) (holding that the limitations period can be equitably tolled in extraordinary circumstances). Equitable tolling

7

is a discretionary doctrine turning on the facts and circumstances of each case and petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied* 531 U.S. 1164 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied* 531 U.S. 1035 (2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). For equitable tolling to apply, the applicant must diligently pursue his Section 2254 relief and equity is not intended for those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Petitioner has not met his burden.

### Recommendation

Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be dismissed with prejudice as time-barred.

### Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 5th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge