| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| JAMES SCOTT FRELS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 9:20-CV-230 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, James Scott Frels, represented by counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge recommends denying and dismissing the petition as time-barred (#13).

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence.  Petitioner filed objections to the magistrate judge's Report and Recommendation (#14).

The court has conducted a *de novo* review of the objections in relations to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the court concludes petitioner's objections are without merit.

Petitioner does not dispute that his federal petition is time-barred, arguing instead that he is entitled to equitable tolling due to the ineffective assistance of his trial and appellate counsel and

first state habeas counsel. He objects to the magistrate judge's determination that he is not entitled to equitable tolling.[1]

Petitioner has not demonstrated any facts entitling him to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998) (holding that the limitations period can be equitably tolled in extraordinary circumstances). Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case and Petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied* 531 U.S. 1164 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied* 531 U.S. 1035 (2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). For equitable tolling to apply, the applicant must diligently pursue his Section 2254 relief and equity is not intended for those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

Attorney error or neglect does not warrant equitable tolling. *Triplett v. King*, 250 F. App'x 107, 109 (5th Cir. 2007) (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)). While the court acknowledges that "an attorney's intentional deceit could warrant equitable tolling, it only does so if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentation." *Triplett*, 250 F. App'x at 209 (quoting *Riggs*, 314 F.3d at 799). Petitioner, here, has made no such showing, merely alleging his trial and appellate counsel told him he would file his state application for writ of habeas corpus and then failed to do so. C*f. United States v.*

---

[1] In his objections, Petitioner appears to concede that the Supreme Court ruling in *Martinez v. Ryan* is limited to a procedural default context, rather than a statute of limitations bar, as he asserts no objections to this portion of the magistrate judge's report and recommendation. 566 U.S. 1, 9 (2012).

*Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (movant alleged that counsel informed him prior to the date on which the limitations period expired that a § 2255 motion had actually been filed). Moreover, Petitioner's allegations with respect to his trial and appellate counsel appear conclusory as they are not supported by any evidence; Petitioner's affidavit fails to address this allegation of attorney error. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Finally, even assuming Petitioner's trial and appellate counsel somehow erred as Petitioner alleges, Petitioner wholly sidesteps the fact that his first state habeas counsel *timely* filed the first state application for writ of habeas corpus, albeit he failed to file it in a procedurally correct manner.[2] The failure of Petitioner's first state habeas counsel to file the state application in a procedurally correct manner amounts to negligence which is insufficient to warrant equitable tolling. The same can be said of his second attempt at filing the second state application for writ of habeas corpus which was considered on the merits, but filed past the federal filing deadline.[3] Petitioner has also failed to show he diligently pursued his rights in filing his federal petition, which was filed over three years past the statute of limitations. Petitioner has not shown the extraordinary circumstances warranting equitable tolling and his federal petition is dismissed as time-barred.

## ORDER

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

---

[2] The federal filing deadline was January 26, 2017. Petitioner's first state application for writ of habeas corpus was filed on December 13, 2016. (#9-9, pgs. 87-104).

[3] As explained by the magistrate judge, Petitioner's allegation of ineffective assistance of counsel for failing to argue two points of error in the second application speak to the procedural default of those claims, not the statutory bar.

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

Furthermore, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Petitioner has failed to make

a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 8th day of March, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE